MARGARET SPERDUTO, as Administratrix of the Estate of WILLIAM SPERDUTO, Deceased, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 29456.)

Court of Claims, June 30, 1951.

*Nathaniel L. Goldstein, Attorney-General (Howard F. Danihy* of counsel), for defendant.

*Benjamin D. Gold* for claimant.

RYAN, J. This motion by the Attorney-General for an order under section 181 of the Civil Practice Act and rule 7 of the Rules of the Court of Claims, dismissing the claim herein for failure to prosecute, was brought on by formal notice returnable at 10:00 A.M. on June 26, 1951, at chambers of the Court of Claims in New York City. The motion has been referred to the writer who presided at the opening of the regular term of this court held at New York City on April 23, 1951. The above-entitled claim was No. 12 on the general calendar for the stated term. When the case was reached on the call of the calendar the assistant attorney-general in charge moved to dismiss it for lack of prosecution. At the time the claimant was not represented in court and the matter was held for disposition until

the close of the calendar call in order to give the claimant's attorney an opportunity to appear. Later and before the court recessed for luncheon, the claimant's attorney still not having appeared, and upon further application of the assistant attorney-general in charge, the court granted the motion.

Subsequently the Attorney-General submitted a proposed order effectuating the dismissal of the claim and the same was transmitted to the writer by the clerk of the court under date of April 27th. The order was signed and returned to the clerk with instructions that before it was entered an affidavit of service of notice of trial, in compliance with rule 4 of the Rules of the Court of Claims should be filed by the Attorney-General. Up to date this affidavit has not been supplied. As soon as there is compliance with this formality the clerk will enter the order.

The present motion is a duplication; it is unnecessary and it is denied.

If the present motion were not a duplication it must be denied anyway. In the first place it is not within the contemplation of rule 7 that the motion shall be made at Special Term but rather at a Trial Term when " the state shall be ready to proceed with the trial " of the claim, and to " the judge presiding ". The Trial Term of this court for which this claim appeared upon the calendar and which began April 23, 1951, has been concluded and adjourned.

In the second place, although the motion papers contain a lengthy affidavit which recites in detail the history of the case and which is elaborately documented with copies of letters written by the Attorney-General to the claimant's attorney, they fail in the important particular already mentioned. There is no affidavit of service of notice of trial as required by rule 4. The copy of the letter dated January 10, 1951, addressed to the claimant's attorney, in which the Attorney-General states " that at the next call of the calendar the State will move the above entitled matter for trial " does not supply the omission and is not a compliance with rule 4.

Of course, if the Attorney-General did not serve notice of trial for the term beginning April 23, 1951, he was not on that date in a position to move the case for trial and the provisions of rule 7 were not then of any avail to him.